## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TANYA JONES,

      **Plaintiff,**

      **v.**                                  **CASE NO. 17-3217-SAC**

**CORE CIVIC CORPORATION, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on the motions to dismiss filed by Defendant CoreCivic (Doc. 15) and by Defendants Wolf, Chin and Bodnar (Doc.18). The motions have been fully briefed and are ripe for decision. Defendants' motions are granted for the reasons stated herein.

## I. Facts and Procedural History

Plaintiff brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). At the time of filing, Plaintiff was a pretrial detainee at CCA-Leavenworth in Leavenworth, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff names as Defendants: Core Civic Corporation, also known as CCA ("CoreCivic"); and U.S. Marshals Steven Wolf, Edward Chin and Ulana Bodnar (the "Government Defendants").

Plaintiff alleges that while she was a pretrial detainee at CoreCivic, Defendants were deliberately indifferent to her medical needs in violation of the Eighth Amendment,[1] when she was refused an eye examination and updated prescription eyewear because her visual acuity did not meet Defendants' requirements. Plaintiff requests "an eye exam and glasses" as well as:

---

[1] Plaintiff alleges that she was a pretrial detainee, rather than a convicted prisoner, at the time giving rise to the allegations in her Complaint. That distinction, however, at least with regard to Plaintiff's medical care claims, is not critical here. "Under the Fourteenth Amendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985)).

punitive damages in the form of a new system implemented that allows inmates to be approved for eye exams. If they have poor vision, it should be immediately authorized for eye exams, so that there isn't further damage to the eyes. It should not be based on how poor their eyesight is. The amount of money damages: $250,000.

Plaintiff also filed a "Motion for Medical Care" in her criminal case. *See United States v. Jones*, Case No. 15-20091-JAR, Doc. 95. The Court granted her motion, finding that:

> Tanya Jones shall be permitted to see the optometrist at Core Civic at such optometrist's next regularly scheduled visit. She shall be given a more complete eye examination including an updated prescription (for glasses) as determined by such optometrist.

*Id.* at Doc. 98. The order in Plaintiff's criminal case was entered after a hearing on her Motion for Medical Care. Plaintiff clarified to this Court that while she did see the optometrist at the next visit, she continues to seek damages in the instant *Bivens* action. (Doc. 4, at 1.) Plaintiff alleges that she suffered from migraines, blurry vision and watery eyes.

Plaintiff states in her Complaint that the basis of jurisdiction of her claims falls under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1, at 3.) The Government Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). CoreCivic filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## II. Standard of Review

The Court must construe pro se filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court does not, however, "take on the responsibility of serving as the litigant's

attorney in constructing arguments and searching the record." *Id*. Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id*.

## A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal citations omitted)). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Montoya*, 296 F.3d at 955; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (finding that because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction"). "Mere conclusory allegations of jurisdiction are not enough." *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999) (citation omitted).

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If there is a challenge to the actual facts, the court has discretion to allow affidavits and other documents to resolve disputed facts. *Id*. at 1003.

**B. Rule 12(b)(6)**

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III. Analysis**

**A. Plaintiff's Claim Under 42 U.S.C. § 1983**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (citations omitted).

Defendant CoreCivic is a private corporation. "In order to hold a private individual liable under § 1983 for a constitutional violation requiring state action, a plaintiff must show under *Lugar*, . . . that the individual's conduct is 'fairly attributable to the State.'" *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The requirement is satisfied if two conditions are met. First, the deprivation "must be

caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005), *cert. denied* 547 U.S. 1111 (2006) (citing *Lugar*, 457 U.S. at 937). Second, the private party must have "acted together with or [ ] obtained significant aid from state officials" or engaged in conduct "otherwise chargeable to the State." *Id*. at 1208.

Plaintiff alleges no facts to support an inference that any defendant was acting under state law or in conspiracy with any state official. Plaintiff also makes no allegation that Defendants obtained significant aid from the state of Kansas or any other state or state officials, or that Defendants engaged in conduct otherwise chargeable to the State. Plaintiff references only one government agency in her Complaint—the U.S. Marshals Service, a federal, not state, agency. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). Plaintiff provides no factual claim or support for a claim that Defendants acted under color of state law. Therefore, Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983.

## B. *Bivens* Claim Against CoreCivic

The Supreme Court has held that a *Bivens* action does not lie against a private corporation that manages a private prison. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons). Although Plaintiff names CoreCivic as a defendant, but fails to name any individual officers of employees of CoreCivic, an action against CoreCivic employees would likewise be unavailable. The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the

employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); In *Minneci*, the Supreme Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Id*. at 126. Defendant CoreCivic is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. The Supreme Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id*. at 126–27.

The Supreme Court held in *Minneci* that the "ability of a prisoner to bring state tort law damages action[s] against private individual defendants means that the prisoner does not 'lack effective remedies.'" *Id*. at 125 (citing *Malesko*, 534 U.S. at 72). They reasoned that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id*. (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). They explained that, "[s]tate-law remedies and a potential *Bivens* remedy need not be perfectly congruent" and even if "state tort law may sometimes prove less generous than

would a *Bivens* action," this fact is not a "sufficient basis to determine state law inadequate." *Id.* at 129 (finding that "federal law as well as state law contains limitations").

The Supreme Court also found "specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located." *Id.* at 128. "[I]n general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations." *Id.* at 130. In fact, Kansas is another state whose tort law reflects the "general principles of tort law" recognized in *Minneci* and set forth in the (Second) Restatement of Torts §§ 314A(4), 320 (1963–64). *See Camp v. Richardson*, No. 11-3128-SAC, 2014 WL 958741, at n.12 (D. Kan. 2014) (citing *Estate of Belden v. Brown Cty.*, 261 P.3d 943 (Kan. App. 2011) (setting forth remedies available in Kansas)).

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)). The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability)); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)). Because Plaintiff has an alternative cause of action pursuant to Kansas state law, she is precluded from asserting a *Bivens* action in federal court against CoreCivic or its employees.

### C. Claims Against the Government Defendants

#### 1. *Bivens* Claim

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In *Bivens*, the Supreme Court set forth a remedy for constitutional violations committed by federal officials. *Bivens*, 403 U.S. 388. "However, a *Bivens* claim can be brought only against federal officials in their individual capacities" and cannot be asserted directly against the United States, federal agencies, or federal officials acting in their official capacities. *Smith v. United*

*States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) and *F.D.I.C. v. Meyer*, 510 U.S. 471, 485–86 (1994)).

Plaintiff names as Defendants Dr. Edward Chin, Dr. Ulana Bodnar and Dr. Steven Wolf. These Defendants are United States Public Health Service ("PHS") officers who were acting within the scope of their employment.[2] In *Hui v. Castaneda*, the Supreme Court held that the Public Health Service Act ("PHSA"), 42 U.S.C.A. § 233(a), precludes *Bivens* actions against individual PHS officers or employees for constitutional violations arising out of their official duties. *Hui v. Castaneda*, 559 U.S. 799 (2010). The Supreme Court noted that § 233(a) provides that:

> "[t]he remedy *against the United States* provided by sections 1346(b) and 2672 of title 28 . . . for damage for personal injury, including death, resulting from the performance of medical . . . or related functions . . . by any commissioned officer of employee of the Public Health Service while acting within the scope of his office or employment, *shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee* (or his estate) whose act or omission gave rise to the claim."

*Id.* at 805 (citing 42 U.S.C.A. § 233(a)) (emphasis added).

The Supreme Court held that § 233(a) "makes the FTCA remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.'" *Id.* at 802. Based on the plain language of § 233(a), the Supreme Court held that PHS officers and employees are not personally subject to *Bivens* actions for

---

[2] Plaintiff does not allege that Defendants were acting outside the scope of their official duties. In fact, she alleges that they were following the policy in effect at that time and sought to have a "new system implemented." Doc. 1, at 5. The Supreme Court also observed that "proof of scope is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period." *Hui*, 559 U.S. at 811. The doctor's declarations in this case state that their actions with regard to Plaintiff were taken within the scope of their official duties as a medical doctor with the United States Public Health Service and in accordance with USMS policy and practice. *See* Doc. 19–1, at 4, ¶ 8 (Declaration of Edward Chin); Doc. 19–2, at 4, ¶ 7 (Declaration of Ulana Bodnar); and Doc. 19–3, at 4, ¶ 7 (Declaration of Steven Wolf).

harms arising out of such conduct. *Id.* Thus, "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." *Id.* at 806.

## 2. Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680, "allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties." *Ingram v. Faruque*, 728 F.3d 1239, 1245 (10th Cir. 2013) (citing § 1346(b)(1)). "The United States is the only proper defendant in an FTCA action." *Smith*, 561 F.3d at 1099 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)); *see Hui*, 559 U.S. at 801 (the FTCA "generally authorizes substitution of the United States as the defendant."). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004), *cert. denied*, 546 U.S. 814 (2005) (citing 28 U.S.C. § 2679(a), which provides that "the FTCA remedy is 'exclusive' for all 'claims which are cognizable under section 1346(b)'").

The FTCA has procedural and jurisdictional requirements. *See Staggs v. U.S. ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 885 (10th Cir. 2005) (stating that the "FTCA's presentation requirements are jurisdictional and cannot be waived") (citation omitted). The Tenth Circuit has summarized the FTCA requirements as follows:

> Under the FTCA, filing an administrative claim with the appropriate federal agency is a prerequisite to bringing a civil action against the United States for damages for the negligence or wrongful act of any United States employee. 28 U.S.C. § 2675(a); *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977) . . . A claim is deemed presented when a federal

agency receives from a claimant "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive." *Nero v. Cherokee Nation of Oklahoma*, 892 F.2d 1457, 1463 (10th Cir. 1989); *see also Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991).

*Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994).[3] Section 2675(a) provides that "[a]n action shall not be instituted" upon an FTCA claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." *Id.* at n.1. The amount of damages claimed in a lawsuit under the FTCA is limited to "the amount of the claim presented to the federal agency." 28 U.S.C. § 2675(b); *see McNeil v. United States*, 508 U.S. 106, 108 n.2 (1993) (citing 28 U.S.C. § 2675(a)).

Therefore, exhaustion of administrative remedies is a prerequisite to suit under the FTCA, and courts lack jurisdiction over FTCA claims not presented to the appropriate federal agency. *See* 28 U.S.C. § 2675(a); *Greenlee v. U.S. Postal Serv.*, 247 F. App'x 953, 954–55 (10th Cir. 2007). "Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (citation omitted). "The requirements are jurisdictional and cannot be waived." *Id.* (citation omitted); *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.")

---

[3] Although Plaintiff suggests in her Response (Doc. 20) that her motions in her criminal case satisfy the exhaustion requirements, her motions were not presented to "the appropriate federal agency" and were not "accompanied by a claim for money damages in sum certain." *See United States v. Jones*, Case No. 15-20091-JAR, Docs. 93, 95.

(citing 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113; *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 273 (10th Cir. 1991)).

Plaintiff has not alleged facts establishing that she exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action. Because this Court cannot exercise jurisdiction over an administratively unexhausted claim, Plaintiff's potential FTCA claim must be dismissed under Fed. R. Civ. P. 12(b)(1).

## IV. Conclusion

Plaintiff has failed to allege state action to support a claim under 42 U.S.C. § 1983. A *Bivens* remedy is not available against CoreCivic for violations of Plaintiff's Eighth Amendment rights. Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. Any potential claim Plaintiff may have under the FTCA is dismissed for lack of subject matter jurisdiction because she has not alleged that she exhausted the administrative tort claim remedy in a proper and timely manner prior to filing this action.

**IT IS THEREFORE ORDERED THAT** the motion to dismiss filed by CoreCivic (Doc. 15) is **granted.**

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the Government Defendants (Doc. 18) is **granted.**

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 19th day of October, 2018.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**